IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
DEC 16 2014
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

JOSHUA ROBERT DALY,
    Petitioner,

v.    Civil Action No. 5:14-cv-19

WARDEN, USP HAZELTON,
    Respondent.

## REPORT AND RECOMMENDATION

On February 14, 2014, the *pro se* petitioner, Joshua Robert Daly ("Petitioner"), an inmate now incarcerated at USP Lewisburg,[1] filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Docket No. 1.) That same day, the Clerk of the Court mailed a Notice of Deficient Pleading to Petitioner, enclosing an application to proceed *in forma pauperis* ("IFP"), a Prisoner Trust Account Report, and a form § 2241 petition. The Notice advised Petitioner that failure to pay the $5.00 filing fee or to file the forms provided to him within twenty-one (21) days might result in dismissal of his case. (Docket No. 3.)

Petitioner paid the $5.00 filing fee on March 10, 2014. However, on March 21, 2014, the undersigned entered an order for Petitioner to show cause within fourteen (14) days as to why his case should not be dismissed without prejudice for his failure to file the form § 2241 petition. (Docket No. 6.) On April 4, 2014, Petitioner filed a Notice of Motion/Memorandum; however, that document did not include this Court's form petition. (Docket No. 8.) Accordingly, on April 7, 2014, the undersigned entered a "Final Order to Comply with Notice of Deficient Pleading," directing Petitioner to complete and file the form § 2241 petition within fourteen (14) days and warning him

---

[1] At the time Petitioner filed his Petition, he was incarcerated at USP Hazelton in Bruceton Mills, West Virginia. Accordingly, the Court has proper jurisdiction over this matter. See Rumsfeld v. Padilla, 542 U.S. 426 (2004); United States v. Miller, 871 F.2d 488, 490 n.3 (4th Cir. 1989).

that failure to do so would result in dismissal of his case. (Docket No. 9.)

Petitioner filed the form § 2241 petition on April 23, 2014. (Docket No. 11.) On April 24, 2014, the undersigned ordered Respondent to show cause as to why the writ should not be granted. (Docket No. 12.) After receiving an extension of time, Respondent filed a "Motion to Dismiss or for Summary Judgment and Response to Show Cause Order" and memorandum in support on June 5, 2014. (Docket Nos. 18 and 19.) On June 6, 2014, the undersigned issued notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Petitioner of his right to file material responsive to Respondent's motion to dismiss. (Docket No. 20.) Petitioner filed a response on June 30, 2014. (Docket No. 22.)

## I. Facts[2]

On June 1, 2008, Petitioner, a convicted felon, was arrested for stealing firearms from a federal firearms licensee in Gillette, Wyoming. Approximately a month and a half later, on July 18, 2008, Petitioner and another individual stole a truck and various personal items, including a firearm, from a residence in Lapeer, Michigan. He was charged in the 40th Circuit Court, Lapeer, Michigan, Docket No. 08-2064, with second-degree home invasion. (Docket No. 22-3 at 4.) That same day, in Flint, Michigan, Petitioner was involved in a vehicle chase while driving the stolen truck. Petitioner was arrested by the Flint Police Department and was charged in the 7th Circuit Court, Flint Michigan, Docket No. 08-2329FH, with unlawfully driving away an automobile (Count One); receiving and concealing a stolen motor vehicle (Count Two); felon in possession of a firearm (Count Three; and fleeing and eluding police (Count Four). (Id.)

---

[2] The facts from Petitioner's criminal case in the District of Wyoming can be found on PACER. (D. Wyo. 2:09-cr-73.)

On August 11, 2008, Petitioner appeared before the 7th Circuit Court and pleaded guilty to Counts One, Three, and Four; the State dismissed Count Two. (Id.) On September 18, 2008, he again appeared before the 7th Circuit Court for sentencing. Petitioner was sentenced to not less than eighteen (18) months and not more than sixty (60) months for Counts One, Three, and Four. (Id.: see also Docket No. 19-1 at 1-2; Docket No. 19-3 at 1.)

On March 19, 2009, a Grand Jury sitting in the District of Wyoming returned an Indictment against Petitioner, for his conduct in Gillette on June 1, 2008, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and stealing firearms from a licensed federal firearms dealer, in violation of 18 U.S.C. § 924(m). (Docket No. 22-3 at 3.)

On April 17, 2009, Petitioner appeared before the 40th Circuit Court in Lapeer, Michigan, and pleaded no contest to second-degree home invasion. He was scheduled for sentencing on October 19, 2009. (Id. at 4.)

On May 4, 2009, the District of Wyoming granted the Government's motion for a writ of habeas corpus ad prosenquendum so that Defendant could answer to the Indictment filed against him. (PACER, D. Wyo. 2:09-cr-73, Docket No. 6.) On May 27, 2009, Petitioner was temporarily taken into federal custody by the United States Marshal Service pursuant to the writ. (Docket No. 19-1 at 2.) Petitioner made his initial appearance on May 29, 2009. On July 13, 2009, Petitioner appeared before United States District Judge Alan Johnson to enter a plea of guilty, pursuant to a written plea agreement, to Count One of the Indictment, charging him with being a felon in possession of a firearm. (Docket No. 22-3 at 4-5.) On September 28, 2009, Judge Johnson sentenced Petitioner to sixty-five (65) months' incarceration. (Docket No. 19-1 at 2.) Judge Johnson stated:

> And it will be the judgment of this Court that the defendant be committed to the custody of the Bureau of Prisons for a term of 65 months to be served consecutively to the undischarged term of imprisonment from the Seventh Circuit Court, Flint, Michigan, Docket No. 08-23291 FH.

(Docket No. 22-2 at 27:22-28:2.) Subsequently, the following colloquy occurred between the Government and the Court:

> MR. PHILLIPS: And, Your Honor, I'm pretty sure that you said in terms of the consecutive sentence to the paragraph 27, that is Docket 08-23291 FH, that that consecutive was to Count 1 and Count 4 but not to Count 3, the felon in possession.
>
> THE COURT: That is correct.

(Id. at 32:17-22.)

On October 1, 2009, Judge Johnson entered a written Judgment in Petitioner's case. That Judgment specifically stated:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 65 months as to Count 1 to be served consecutively as to count 1 and 4 from the 7th Circuit Court, Case No. 08-23291FH, State of Michigan.

(Docket No. 19-5 at 2.)

Petitioner did not file a direct appeal of his federal conviction and sentence. On November 9, 2009, he was returned to the custody of the State of Michigan to complete his state sentence. (Docket No. 19-1 at 2.) On January 18, 2011, Petitioner was paroled from his Michigan state sentence and was taken into federal custody to begin serving his sixty-five (65) month federal sentence. (Id.) The Bureau of Prisons prepared a sentence computation, noting that Petitioner's sentence commenced on January 18, 2011, and that his projected release date was February 13, 2016. (Docket No. 19-6.)

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the District of Wyoming

4

on October 19, 2012. (PACER, D. Wyo. 2:12-cv-235, Docket No. 1.) In that motion, Petitioner challenged the voluntariness of his plea, claiming that counsel had been ineffective. However, he also asked that the court "Correct his Sentence by stipulating that Movent's [sic] federal sentence is to run concurrently to state Count 3." (PACER, D. Wyo. 2:12-cv-235, Docket No. 2 at 5.) The Government responded, asserting that Petitioner's motion was untimely. (Docket No. 22-3.) However, the Government had "no objection to the court modifying the written Judgment to reflect its verbal pronouncement at sentencing, which was that the Defendant's federal sentence should run consecutively to counts one and four from the 7th Circuit Court, Flint, Michigan, Docket Number 09-23291FH, but concurrently as to count three from the same court." (Id. at 2-3.) However, the District of Wyoming dismissed Petitioner's motion as untimely. (PACER, D. Wyo. 2:12-cv-235, Docket No. 10.)

## II    Contentions of the Parties

### A.    Petitioner's § 2241 Petition

In his petition, Petitioner requests that his judgment be "changed to reflect my concurrent charges." (Docket No. 11 at 8.) Specifically, Petitioner states:

> It was my understanding that I would get credit for 6-18 months both by my lawyer and what was discussed in court. It was not clear in court to the judge or lawyers what my state sentence actually was because they were using information from the PSI report rather than an actual judgment from the court in Flint, Michigan. When I called my attorney and wanted to return to court to clarify that I would get the credit for the concurrent on count 2 of my state sentence, he told me that BOP would give me the credit. I was returned to Michigan to finish out my sentenced there and was not taken into BOP custody until Jan of 2010. As soon as I was settled in and realized I was not getting any credit for the concurrent part of my sentence and have been trying to remedy it ever since.
>
> I did file a 2255 and in counsel's response, he acknowledges that the problem for BOP to allow any credit was because the Judgment remained silent on the concurrent

5

charges and has no objection to it being corrected; however, it was denied because of the time restrain [sic] to file the 2255.

(Docket 11-1 at 1.)

**B.      Respondent's Memorandum**

Respondent asserts that Petitioner is "not entitled to the jail credit he seeks because that time was already credited to his State of Michigan sentence." (Docket No. 19 at 5.) Specifically, Respondent argues that the "time Petitioner spent on federal writ was credited to his State of Michigan sentence because he was still in their custody." (Id. at 8.)

**C.      Petitioner's Response**

In his response, Petitioner further expands upon the claim raised in his petition. He asserts that under Tenth Circuit law, "the orally pronounced sentence controls over a written judgment when the two conflict." (Docket No. 22-1 at 2.) Petitioner has attached, *inter alia*, the sentencing transcript from the District of Wyoming, the Government's response to his motion pursuant to 28 U.S.C. § 2255, and his judgments from his convictions in Michigan.

### III.     Standard of Review

**A.      Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B.   **Motion for Summary Judgment**

Both the Supreme Court and the Fourth Circuit have recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party, as it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-52 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### IV.   Analysis

Contrary to the Government's argument, Petitioner is not alleging that the Bureau of Prisons erred by not crediting him prior custody credit "from July 18, 2008 through May 26, 2009 and from November 10, 2009 through January 17, 2011." (Docket No. 19 at 4.) Rather, Petitioner asserts that "concurrent time on state sentence is not being calculated." (Docket No. 11 at 1.) Specifically, Petitioner would like the Court to grant his petition and direct the BOP to recalculate his federal

sentence based upon the District Court's oral pronouncement at sentencing. (Id. at 8.) As noted above, the following colloquy occurred at Petitioner's sentencing:

> And it will be the judgment of this Court that the defendant be committed to the custody of the Bureau of Prisons for a term of 65 months to be served consecutively to the undischarged term of imprisonment from the Seventh Circuit Court, Flint, Michigan, Docket No. 08-23291 FH.
>
> MR. PHILLIPS: And, Your Honor, I'm pretty sure that you said in terms of the consecutive sentence to the paragraph 27, that is Docket 08-23291 FH, that that consecutive was to Count 1 and Count 4 but not to Count 3, the felon in possession.
>
> THE COURT: That is correct.

(Docket No. 22-2 at 27:22-28:2, 32:17-22.) However, the written Judgment stated as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 65 months as to Count 1 to be served consecutively as to count 1 and 4 from the 7th Circuit Court, Case No. 08-23291FH, State of Michigan.

(Docket No. 19-5 at 2.)

Given this, the undersigned finds that the written Judgment conflicts with Judge Johnson's oral pronouncement at sentencing, as it did not reflect his intent that Petitioner's federal sentence run concurrent to his State sentence on Count Three, the felon in possession conviction. The Tenth Circuit, which encompasses the District of Wyoming, has held that "an orally pronounced sentence controls over a judgment and commitment order when the two conflict." United States v. Avalos-Zarate, 986 F.2d 378, 379 (10th Cir. 1993); see also United States v. Marquez, 337 F.3d 1203, 1207 n.1 (10th Cir. 2003) ("[A]n oral pronouncement of sentence from the bench controls over other written language . . . ."). The Fourth Circuit has also held that "[i]t is normally the rule that where a conflict exists between an orally pronounced sentence and the written judgment, the oral sentence will control." United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). Accordingly,

Petitioner's sentence should have been calculated based upon Judge Johnson's oral pronouncement, not the conflicting written Judgment.

Although the undersigned agrees with Petitioner that his federal sentence should have been calculated based upon the oral pronouncement of the Court, it is difficult to determine what effect a recalculation will have on Petitioner's sentence, as the record is silent as to the time period when Petitioner served his state sentence on Count Three. As the Government stated in its response to Petitioner's § 2255 motion in the District of Wyoming:

> It should be noted that even with this recognition as to count three the United States is wholly unaware of the actual impact this may or may not provide the Defendant, because the United States is unaware of the specific sentences the Defendant received on each particular count from the Flint, Michigan case. The only information available to the government at sentencing, and now, is the Revised PSR, which on page 12, paragraph 27, notes the Defendant's state sentence of not less than eighteen months and no more than sixty months was connected to all three counts, not just to one particular count. Accordingly, any modification of the written Judgment may simply have the academic effect of aligning the written judgement [sic] with the court's oral pronouncement.

(Docket No. 22-3 at 17.) Nevertheless, the Attorney General, through the BOP, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329, 331-32 (1992). Accordingly, the Court need not concern itself performing the recalculation.

## V. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or For Summary Judgment" (Docket No. 18) be **DENIED**; that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **GRANTED**; and that the Bureau of Prisons be **DIRECTED** to recalculate Petitioner's federal sentence pursuant to the oral pronouncement at sentencing in District of Wyoming Criminal No. 2:09-cr-73.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

DATED: December 16, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE