IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSHUA ROBERT DALY,

    Petitioner,

v.                                Civil Action No. 5:14CV19
                                          (STAMP)
WARDEN, USP HAZELTON,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING IN PART AND
DECLINING TO AFFIRM AND ADOPT IN PART
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On February 14, 2014, the pro se[1] petitioner, Joshua Robert Daly, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 requesting that this Court direct the Federal Bureau of Prisons ("BOP") to recalculate his sentence. The petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull then directed the respondent to file a response. The respondent then filed a motion to dismiss or for summary judgment. The petitioner timely filed a response to that motion. The magistrate judge then entered a report recommending that the petitioner's § 2241 petition be granted, the respondent's motion be denied, and the BOP be

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

directed to recalculate the petitioner's sentence. The respondent then filed a limited objection to the report and recommendation and an affidavit from a BOP computation analyst.

The petitioner committed several crimes within a month and a half span in Wyoming and Michigan. In June 2008, petitioner, who is a convicted felon, was arrested for stealing firearms from a federal firearms licensee in Wyoming. In July 2008, in Michigan, petitioner was arrested for second-degree home invasion, in one case; and unlawfully driving away an automobile (Count 1), receiving and concealing a stolen motor vehicle (Count 2), felon in possession of a firearm (Count 3), and fleeing and eluding police (Count 4), in another case. In September 2008, a Michigan state court sentenced the petitioner to 18-60 months for Counts 1, 3, and 4 (as listed above). In September 2009, the United States Court District Court for the District of Wyoming sentenced petitioner to 65 months incarceration for being a felon in possession of a firearm to be served consecutively to Counts 1 and 4 of his September 2008 sentence in Michigan. The petitioner was then returned to state custody, completed his state sentence, and was then transferred to federal custody. The BOP completed a sentence computation providing a projected release date of February 13, 2016.

Petitioner did not directly appeal his federal sentence. However, he filed a petition pursuant to 28 U.S.C. § 2255 arguing

2

that his plea was involuntary and that his projected release date had been miscalculated. The government responded that the petition was untimely but that it had no objection to the Wyoming district court correcting the judgment order to say that Count 3 was to run concurrently to the state sentence. The district court dismissed the petitioner's motion as untimely.

In his current petition, the petitioner contends that his time has not been calculated correctly and that he should have gotten credit for 6-18 months. The respondent filed a motion to dismiss or for summary judgment arguing that the petitioner is not entitled to credit because that time was already credited to his Michigan state sentence. The petitioner responded that the oral judgment of the Wyoming district court should control rather than the written judgment because the two conflict and thus his sentence must be recalculated.

The magistrate judge recommended that the petitioner's § 2241 be granted, the respondent's motion to dismiss be denied, and the BOP be directed to recalculate the petitioner's sentence. The magistrate judge noted that the respondent misunderstood the petitioner's request as the petitioner is not requesting credit for time served while in state custody. The magistrate judge then found that based on the oral pronouncement of the Wyoming district court, Counts 1 and 4 of the Michigan state sentence were to run consecutively and Count 3 was to run concurrently. Further, the

3

magistrate judge found that the oral pronouncement should control. Finally, the magistrate judge found that although it is difficult to determine whether or not a recalculation will actually change the projected release date, the respondent has that burden and thus the BOP should be directed to recalculate the petitioner's sentence.

In its objections, the government indicates that it requested that the BOP recalculate the petitioner's sentence with the consideration of the oral pronouncement of the Wyoming district court. The government argues that even with the consideration of the oral judgment, the petitioner's sentence does not change because (1) all of his state sentences were the same length (60 months) and were to run concurrently to each other and (2) his federal sentence was still to run consecutively to the state sentences. Thus, the government contends that the concurrent designation of Count 3 has no affect and the petitioner's projected release date stays the same.

The respondent also filed an affidavit from Alan Ray, a computation analyst for the BOP, which further discusses the recalculation and how it does not affect the petitioner's projected release date.

For the reasons that follow, this Court finds that the petitioner's § 2241 petition is denied as moot, the respondent's motion to dismiss or for summary judgment is granted as framed, and

4

the magistrate judge's recommendation is adopted in part and declined in part.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the respondent filed an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the objection was made.

## III. Discussion

The petitioner argues that the BOP's calculation of his sentence does not conform with the oral pronouncement of the Wyoming district court because the oral pronouncement differed from the written judgement that was entered by that court.

"[T]he sentences to be served . . . are those pronounced in the defendant's presence in open court and not those set out in the written judgments of the court." Rakes v. United States, 309 F.2d 686, 687 (4th Cir. 1962). The written judgment must therefore conform to the oral sentence. See id. at 688; United States v. Toney, 230 F.3d 1356 (4th Cir. 2000), on reh'g, 18 F. App'x 61 (4th Cir. 2001).

The magistrate judge agreed with the petitioner that the BOP had incorrectly used the written judgment rather than the oral pronouncement of the Wyoming district court. Thus, the magistrate

judge recommended that the BOP recalculate the petitioner's sentence to conform with the oral pronouncement of the Wyoming district court. This Court finds that the magistrate judge's finding conforms with precedent for the United States Court of Appeals for the Fourth Circuit.

In response, however, the respondent had the BOP recalculate the petitioner's sentence. An affidavit from Alan Ray, a BOP analyst, indicates that the petitioner's projected release date is not different when the Wyoming district court's oral pronouncement is considered. This is so because the petitioner's state convictions all resulted in sixty (60) month sentences. As such, because the Wyoming district court ordered that the sixty-five (65) month federal sentence run consecutively to Counts 1 and 4, the consideration of running Count 3 concurrently did not change the outcome of the petitioner's projected release date. The BOP was still required to apply the 65 month federal sentence consecutively to the two 60 month state sentences. Accordingly, there was no change in the petitioner's projected release date.

Because this recalculation has now occurred and the petitioner's request is now satisfied, the petitioner's petition is now moot. The relief requested has already been granted and it has not resulted in a change in the projected release date. Further, the respondent's motion to dismiss or for summary judgment is granted as framed, as this Court is denying the petition but not

based on the arguments forwarded by the respondent. Finally, the magistrate judge's report and recommendation is affirmed in part and declined in part as this Court finds that the magistrate judge's reasoning and findings were correct but, because the recalculation has now been completed, the findings are moot.

IV. Conclusion

For the reasons set forth above, the petitioner's petition pursuant to 28 U.S.C. § 2241 is DENIED AS MOOT. Further, the respondent's motion to dismiss or for summary judgment is GRANTED AS FRAMED. Finally, the magistrate judge's report and recommendation is AFFIRMED IN PART and DECLINED IN PART AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and by certified mail to the pro se petitioner. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:       January 26, 2015


                                  /s/                              
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE